UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INDEMNITY COMPANY,

        Plaintiff,

v.

PAMELA ROSS, ROSS REALTY, LLC,
STAN ROSS, BRENT BYERLE, MELODY
BYERLE, J.B., K.B., and C.B.,

        Defendants.

Case Number 18-12563
Honorable David M. Lawson

_____/

## **OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff Allstate Indemnity Company ("Allstate") filed the present action in this federal court seeking a declaratory judgment that it is not obligated to defend or indemnify Pamela Ross and Ross Realty, LLC in a lawsuit filed in a Michigan state court. In the state court case, Brent Byerle, Melody Byerle, J.B., K.B., and C.B. (the "Byerles"), defendants here, sued Ross and Ross Realty, also defendants here, for injuries that they say resulted from leasing a home from Ross that was infested with bats. The Byerles alleged several theories of liability, including gross negligence.

Allstate issued a Landlords Package insurance policy and Personal Umbrella policy to Pamela Ross and Stan Ross. Allstate contends in this case that there is no insurance coverage for the claims made by the Byerles in their state court case because the factual bases for the claims do not fit within the insuring language, and several policy exclusions apply, depending on the nature of the injuries claimed.

Because the district courts have discretion whether to exercise jurisdiction in declaratory judgment actions, a determination on whether to adjudicate such cases should be made at the outset. All the pertinent factors relating to the exercise of that discretion were not addressed in the

plaintiff's complaint, so the Court ordered the plaintiff to show cause why the case should not be dismissed without prejudice. Allstate responded to the show cause order, addressing the relevant factors, and contending that they favor accepting jurisdiction of the case. However, some of the coverage determinations will depend on the factual development of the state court claims. Because of the danger of inconsistent results that could arise when the related cases proceed in different forums, and because other factors favor the refusal of declaratory judgment jurisdiction, the Court will dismiss the case without prejudice.

I.

According to the state court complaint, in July 2016 the Byerles began renting a home located at 514 Thompson Lake Avenue, Howell, Michigan from Pamela Ross and Ross Realty, LLC. They immediately discovered bats and bat guano inside the residence. They notified Ross, but they allege that Ross's attempts to remediate the problem were ineffective. The problems persisted, as did the remediation efforts. At least some of the Byerles were bitten by bats during their tenancy. They needed rabies vaccinations, which suppressed their immune systems, and then contracted various infections. They eventually moved out on September 5, 2017.

During the relevant time period, the Thompson Lake rental property was subject to two Allstate insurance policies issued to Pamela and Stan Ross. The Byerles' state court lawsuit names Ms. Ross and her realty company as defendants. It alleges claims for damages based on misrepresentation, constructive eviction, ejection, breach of covenant of habitability, breach of covenant of quiet enjoyment, gross negligence, and intentional and reckless infliction of emotional distress. Allstate is not a party to that case.

In this case, Allstate contends that the insurance policies do not cover Ross Realty; that some of the damages alleged by the Byerles could have been caused by contamination of the

premises, which is a peril excluded from coverage; and that there is no coverage for some of the theories of liability included in the Byerles' state court complaint. Allstate asks this Court to hold a jury trial to resolve any factual disputes and eventually to absolve it of any obligation to defend or indemnify Ross and her company. Allstate's complaint states 17 grounds, which include the cause of the Byerles' injuries and Ross's conduct, that it believes bar coverage.

II.

Although the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the exercise of jurisdiction under the Declaratory Judgment Act is not mandatory, *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942), and at times the better exercise of discretion favors abstention, *see Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004). "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). Abstaining from that opportunity generally "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)).

Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage impacting litigation pending in another court, for although there is no *per se* rule prohibiting such actions in federal court, *see Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987), "[s]uch actions . . . should normally be filed, if at

all, in the court that has jurisdiction over the litigation giving rise to the indemnity problem," *Bituminous Cas. Corp.*, 373 F.3d at 812 (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.,* 791 F.2d 460, 463 (6th Cir. 1986)). The Court has discretion to decline jurisdiction over a declaratory judgment action even where the parties are diverse and the amount in controversy meets the threshold. *Omaha Property and Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 447 (6th Cir. 1991) ("We have repeatedly held in these insurance coverage diversity cases that the Declaratory Judgment Act grants the district courts a discretion to entertain such cases . . . .").

To assist district courts in determining whether to proceed with such actions, the Sixth Circuit in *Bituminous Casualty Corporation* cataloged five factors that it drew from its earlier precedents:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Id.* at 813 (quoting *Scottsdale Ins. Co.*, 211 F.3d at 968 (citations omitted)); *Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). Unless these factors weigh in favor of entertaining the action, the federal court should abstain. *Bituminous Cas. Corp.*, 373 F.3d at 813.

### A. Settle the controversy

Sixth Circuit precedent on this factor is somewhat inconsistent. *Compare Travelers Indem. Co. v. Bowling Green Prof. Assoc., PLC*, 495 F.3d 266, 272 (6th Cir. 2007) ("The district court's decision could not settle the controversy in the underlying state court litigation; thus, the first factor favors the court not exercising jurisdiction.") *with Northland Ins. Co. v. Stewart Title Guar. Co.*,

327 F.3d 448, 454 (6th Cir. 2003) ("Considering the first and second factors, while the declaratory judgment would not end the dispute between Cailu and Stewart, it would settle the controversy regarding the scope of insurance coverage issued by Northland to Cailu, and whether Northland had a duty to defend the insureds."). Later, however, the Sixth Circuit reconciled those cases, reasoning that "the contrary results . . . might . . . be explained by their different factual scenarios." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 555 (6th Cir. 2008). Allstate addressed the second interpretation but not the first. And it is true that this factor may favor exercising jurisdiction when the plaintiff is not a party to the state litigation and there is a legal, and not a factual, dispute in federal court. *Id.* at 556.

Here, however, this factor favors abstention. A decision on the coverage question in this Court will not resolve the underlying dispute. Instead, the fact questions may drive the coverage determination. In resolving this declaratory judgment action, the Court would be required to delve into factual issues that likely will be litigated in the state court action. The damaged claimants allege in their state court complaint that they suffered bites and infections as a result of the bat infestation. The Byerles allege in their state court complaint that the evidence of the bats' access to the living space was concealed by a drop ceiling, that either was installed negligently or done intentionally to conceal evidence of the problem before their move-in. They also allege that Ross failed to remedy the problems adequately once identified. Those factual issues likely will have to be resolved in order for the state court proceeding to reach a final conclusion. And those same questions would need to be addressed in the present case before the Court could resolve some of the coverage questions. Those questions cannot be resolved fully without investigating the underlying events and without determinations as to the cause of the Byerles' injuries and Ross's conduct before and after the Byerles discovered the infestation. Those same factual disputes also

must be resolved in the state court to determine Ross's liability. The possibility of inconsistent results is manifest.

## B. Clarifying the legal relations

The second factor "is closely related to the first factor and is often considered in connection with it." *Flowers*, 513 F.3d at 557. The relevant inquiry is whether the federal judgment will "resolve, once and finally, the question of the insurance indemnity obligation of the insurer." *Ibid.*; *see also Northland*, 327 F.3d at 454; *but see Travelers Indem.*, 495 F.3d at 272 (holding that the second factor favored abstention because "although a declaratory judgment would clarify the legal relationship between the insurer and the insured pursuant to the insurance contracts, the judgment would not clarify the legal relationship between the parties in the underlying state action." (alterations and quotations omitted)); *Bituminous Cas.*, 373 F.3d at 814.

The Byerles have alleged in their state lawsuit that Ross made material representations about the condition of the rental property, that she failed to maintain the residence as required by state law, and that she was grossly negligent in her remediation efforts. If Ross in fact concealed evidence of the infestation or her remedial efforts were inadequate, then she could be found liable for the Byerles' injuries. Those same proofs will be needed to resolve many of the coverage issues Allstate has raised. The natural order of things calls for the liability facts to be decided in the injured person's forum of choice, and for the resolution of indemnity questions to follow in the same forum. *Bituminous Cas. Corp.*, 373 F.3d at 812. Deciding the causation and conduct issues in a separate coverage litigation only would serve to muddy the legal relationships of the parties.

## C. Procedural fencing

The courts are "reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Flowers*, 513 F.3d at 558. A plaintiff who files its declaratory

- 6 -

judgment claim after the state proceeding has begun does not implicate the concerns of this rule. *See ibid.*; *Northland*, 327 F.3d at 454. There is no evidence that Allstate has acted improperly by choosing the present forum. The most that can be said is that Allstate preferred a federal court to a state court, where this action also could have been filed, and where the underlying tort action was pending when this lawsuit was commenced. There is nothing improper about that. This factor does not favor abstention.

### D. Friction between federal and state courts

The fourth factor asks whether exercising jurisdiction would increase friction between federal and state courts. The Supreme Court has cautioned that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495). However, "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Green*, 825 F.2d at 1067. Therefore, "'the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power.'" *Wilton*, 515 U.S. at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 243 (1952)).

The Sixth Circuit articulated three sub-factors to consider when determining whether the exercise of jurisdiction would increase friction between federal and state courts. *Bituminous*, 373 F.3d at 814-15 (citing *Scottsdale*, 211 F.3d at 968). First, if the action involves resolution of factual issues being considered by the state court, federal jurisdiction is disfavored. *Flowers*, 513 F.3d at 560. The second sub-factor favors abstention when issues of unsettled state law are implicated.

*See Travelers*, 495 F.3d at 272. The third sub-factor favors abstention when, as is the case for insurance contracts, interpretation of law is intertwined with state policy. *Flowers*, 513 F.3d at 561.

It is the first sub-factor that is in play here. As the *Flowers* court explained:

> The liability issues being determined in the state court proceeding may well be legally, if not factually, distinct from the issues of policy interpretation which are central to the federal declaratory judgment action. However, sometimes resolution of the issue raised in federal court will require making factual findings that might conflict with similar findings made by the state court.

*Flowers*, 513 F.3d at 560. (internal citation and quotation marks omitted). When the latter is the case, the exercise of jurisdiction would be inappropriate. Such is the case here.

A declaratory judgment by this Court could determine an issue that the state court might decide differently in the underlying litigation. The complaint in the state case lists six theories of landlord liability against Ross. Those claims turn on whether Ross knew of the infestation before the parties entered into the rental agreement and did not respond appropriately after the Byerles discovered the bats. Some of the coverage issues depend on the nature and source of the injuries. If the Court were to exercise jurisdiction over this action, there would be a genuine risk that the factual findings and legal conclusions reached by this Court on those issues might conflict with those made by the state court. Therefore, the fourth factor favors abstention.

### E. Alternative remedy

When state law provides an avenue for the resolution of insurance coverage, the fifth factor favors declining jurisdiction. *Flowers*, 513 F.3d at 562. Michigan allows insurers to bring declaratory judgment actions in state court. *See* Mich. Ct. R. 2.605; *see also Rose v. State Farm Mut. Auto. Ins. Co.*, 274 Mich. App. 291, 294, 732 N.W.2d 160, 162 (2006). Moreover, the question of coverage could be determined in the pending state court lawsuit by means of a

garnishment action after a judgment in favor of the damaged claimants. *See, e.g.*, *Helder v. Sruba*, 462 Mich. 92, 611 N.W.2d 309 (2000). In such an action, Allstate could raise all the defenses to coverage it might raise here. *Id.* at 101–02, 611 N.W.2d at 315.

III.

The Court believes that the *Grand Trunk* factors favor abstention. Following the direction of *Bituminous Casualty*, *Manley Bennett*, *Grand Trunk*, *Roumph*, and *Flowers*, the Court is constrained to dismiss the present action without prejudice.

Accordingly, it is **ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

                                                            s/David M. Lawson
                                                            DAVID M. LAWSON
                                                            United States District Judge

Date: January 29, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on January 29, 2019.

                             s/Susan K. Pinkowski
                             SUSAN K. PINKOWSKI